IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>vs.<br><br>ESTEBAN DEJESUS HUERTA ROCHA,<br><br>              Defendant. | 4:22-CR-3003<br><br>ORDER |

      This matter is before the Court on the defendant's notice of appeal (filing 141). The defendant's notice of appeal is untimely under Fed. R. App. P. 4(b). But Rule 4(b) is a non-jurisdictional claim processing rule, *United States v. Watson,* 623 F.3d 542, 545-46 (8th Cir. 2010), so the Clerk of the Court will be directed to forward the appeal to the Eighth Circuit.

      Because the defendant was previously found to be eligible for appointment of counsel, he would normally be allowed to proceed on appeal *in forma pauperis* without further authorization. Fed. R. App. P. 24(a)(3). But an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A). An appellant demonstrates good faith by seeking appellate review of any issue that is not frivolous. *Coppedge v. United States,* 369 U.S. 438, 445 (1962); *Ellis v. United States,* 356 U.S. 674, 674 (1958). An indigent appellant should be allowed to proceed *in forma pauperis* unless the issues raised are so frivolous that the appeal would be dismissed in the case of a non-indigent litigant. *Coppedge,* 369 U.S. at 447; *Ellis,* 356 U.S. at 675. An appeal is frivolous where none of the legal points are arguable on their merits—when the result is obvious or the appellant's argument is wholly without merit. *See,*

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Misischia v. St. John's Mercy Health Sys.*, 457 F.3d 800, 806 (8th Cir. 2006).

The defendant was sentenced on October 7, 2022. Filing 91. He also received a notice of right to appeal, which clearly stated the time limit for filing an appeal. Filing 92. Judgment was entered the same day. Filing 95. And no tolling motions were filed in this case. *See* Fed. R. App. P. 4(b)(3)(A). So, the defendant's notice of appeal is obviously untimely. *See* Fed. R. App. P. (4)(b)(1); *e.g., United States v. Watson*, 632 F.3d 542, 546 (8th Cir. 2010). And it was filed more than 30 days after the 14-day appeal period expired, meaning that the Court's authority under Fed. R. App. P. 4(b)(4) to extend the time to file a notice of appeal for "excusable neglect" or "good cause" has also ended. *See United States v. Carter*, 990 F.2d 402, 403 (8th Cir. 1993).

Accordingly, the Court finds that the defendant's appeal is not taken in good faith, and that he is not entitled to proceed *in forma pauperis*.

IT IS ORDERED:

1. The defendant's appeal is not taken in good faith, and he is not entitled to proceed *in forma pauperis* on appeal.

2. The Clerk of the Court shall forward a copy of this Court to the U.S. Court of Appeals for the Eighth Circuit and follow its ordinary procedure in cases of this kind.

Dated this 27th day of June, 2023.

BY THE COURT:

*/s/ John M. Gerrard*
John M. Gerrard
Senior United States District Judge